**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS VALENCIA-MARTINEZ,

Defendant-Appellant.

No. 05-3235

(D. Kansas)

(D.C. No. 04-10098-01-MLB)

---

**ORDER**

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

Carlos Valencia-Martinez, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 petition for habeas corpus.  We deny his request for a COA and dismiss this appeal.

## I.  BACKGROUND

In 1997, Mr. Valencia-Martinez was convicted of illegal re-entry into the United States following removal for commission of an aggravated felony, a violation of 8 U.S.C. § 1326.  He was sentenced to fifty-one months of

incarceration, followed by three years of supervised release. In 2001, he was released from incarceration and began his supervised release.

In April 2004, Mr. Valencia-Martinez pleaded guilty to a new charge of illegal re-entry in violation of § 1326. In his plea agreement, Mr. Valencia-Martinez waived the right to file a 28 U.S.C. § 2255 habeas corpus petition, subject to the limitations of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (stating that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver" but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable"). The district court revoked Mr. Valencia-Martinez's supervised release from the 1997 conviction and sentenced him to serve the remaining fifteen months of that supervised release term in prison. For the 2004 re-entry, the court sentenced him to eighty-seven months' incarceration, followed by two years' of supervised release. The court imposed the prison sentences consecutively.

Mr. Valencia-Martinez has now filed a §2255 habeas petition, asserting four grounds for relief: (1) he has been subjected to double jeopardy; (2) he received an improper criminal history calculation because the district court considered the 1997 offense; (3) his guilty plea should be withdrawn because of

2

his double jeopardy claim; and (4) his counsel was ineffective for failing to raise a double jeopardy claim. The district court denied relief on all grounds, noting each of Mr. Valencia-Martinez's claims was without merit. The district court denied a COA, and granted his motion to proceed *in forma pauperis*.

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Although Mr. Valencia-Martinez is not required to prove the merits of his case in applying for a COA, he must nevertheless demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (internal quotation

marks omitted).

With these principles in mind, we have carefully reviewed the record of these proceedings. As the district court observed, in his plea agreement, Mr. Valencia-Martinez waived his right to challenge his 2004 reentry conviction though a § 2255 petition. This waiver is enforceable, absent a claim that the petitioner received ineffective assistance of counsel in the negotiation of the plea or the waiver. *See Cockerham*, 237 F.3d at 1187.

Accordingly, Mr. Valencia-Martinez's first three claims are barred by the waiver provision of the plea agreement. In his remaining claim, asserting ineffective assistance of counsel, Mr. Valencia-Martinez contends that his counsel should have challenged the plea agreement and waiver by arguing that the prosecution of the 2004 reentry violated the Double Jeopardy Clause of the Fifth Amendment. However, that contention is without merit. *See Jones v. Thomas*, 491 U.S. 376, 381 (1989) (noting that the Double Jeopardy Clause protects against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense") (internal quotation marks omitted). The two reentry prosecutions involve entirely separate violations of the law–one 1997 and one in 2004, and the Double Jeopardy Clause is thus inapplicable.

4

### III. CONCLUSION

Having reviewed Mr. Valencia-Martinez's brief, the record, and the applicable law, we conclude he has raised no issues that are debatable or adequate to deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 327. We therefore DENY a COA and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge